U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 08-02977

ORDER DENYING APPROVAL OF REAFFIRMATION AGREEMENT

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**09/24/2008**



US Bankruptcy Court Judge
District of South Carolina

Entered: 09/25/2008

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Steven Alan Waller and<br>Monique Tonia Waller,<br><br>Debtor(s). | C/A No. 08-02977-DD<br><br>Chapter 7<br><br>**ORDER DENYING APPROVAL OF<br>REAFFIRMATION AGREEMENT** |

THIS MATTER is before the Court on two Reaffirmation Agreements between Steven Alan Waller, Monique Tonia Waller ("Debtors"), and South Carolina State Housing Finance and Development Authority ("Creditor"), which were filed by Creditor on August 21, 2008. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334(a) and (b). Pursuant to Fed. R. Civ. P. 52 made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law[1]:

*FINDINGS OF FACT*

1. On May 21, 2008, Debtors jointly filed a voluntary petition under chapter 7 of the United States Bankruptcy Code.

2. Debtors owe Creditor on two notes secured by a first and second mortgage on their residence located at 630 Greenwich Drive, Aiken, South Carolina.

3. Debtors' Schedule I, Current Income of Individual Debtors, reflected that Mr. Waller is employed while Mrs. Waller is unemployed, with the potential for seasonal employment. According to Schedule I, Debtors' monthly take home pay is $2,163.00. Debtors' Schedule J, Current Expenditures of Individual Debtors, lists their average

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

monthly expenses as $3,382.00. Together Schedules I and J demonstrate a deficit in the Debtors' monthly net income of $1,219.00.

4. Creditor, through counsel, filed two reaffirmation agreements between Debtors and Creditor on August 21, 2008. The first agreement sought to reaffirm Debtor's first mortgage in the amount of $105,372.93. The second agreement sought to reaffirm Debtors' second mortgage in the amount of $2,009.99. Both agreements were filed on an outdated form requiring a hearing for proper determination of the whether the reaffirmation agreements created a presumption of undue hardship on the Debtors. The matter was set for a hearing on September 16, 2008.

5. Debtors, through counsel, filed two amended reaffirmation agreements using the current official form on September 11, 2008. The amended reaffirmation agreements indicated a presumption of undue hardship. The amended reaffirmation agreements differed from Debtors' schedules I and J indicating that Mrs. Waller is now employed.

6. A hearing was held on September 16, 2008. Debtors' stated at the hearing that they were current on their payments with Creditor on both mortgages and were current at the time of filing for chapter 7 relief. Creditor did not appear at the hearing.

7. Additionally, Debtors indicated that Mrs. Waller was now working part-time in the golf shop at Woodside Plantation Country Club and occasionally serves as a substitute teacher in the local school district.

8. Debtors' income from teaching is sporadic, unreliable, and insufficient to rebut the presumption of undue hardship.

9. Reaffirmation of debts secured by real estate, when the debtors are current with the payments, is not in Debtors' best interest.

*CONCLUSIONS OF LAW*

An individual chapter 7 debtor receives a discharge from all debts save those specified in 11 U.S.C. § 727(a)[2], those within the scope of § 523(a), and those subject to an agreement for reaffirmation pursuant to § 524(c).  The discharge of debt is the foundation for a debtor's fresh start.  Exceptions to discharge are narrowly construed.  *See In re McNallen*, 62 F.3d 619, 625 (4th Cir. 1995).  The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("2005 Amendments") amended the Bankruptcy Code and extensively revised those provisions relating to reaffirmation of a debt.  The Bankruptcy Code has always permitted only those reaffirmation agreements that do not impose an undue hardship on the debtor or a dependant of the debtor.  A separate provision of the 2005 Amendments deals with a debtor's options for property used as collateral for debts.

Debtors who are current with payments on debts secured by real property are not limited to the options of surrender, reaffirmation, or redemption found in § 521(a)(2), but may also choose to continue with the payments and retain possession of the property.  This option, commonly known as "ride-through," was embraced by a number of federal judicial circuits, prior to the enactment of the 2005 Amendments and applied to both real property and personal property.  *See, e.g., Home Owners Funding Corp. v. Belanger (In re Belanger)*, 962 F.2d 345, 347 (4th Cir. 1992); *In re Price*, 370 F.3d 362, 379 (3d Cir. 2004); *McClellan Fed. Credit Union v. Parker (In re Parker)*, 139 F.3d 668, 673 (9th Cir. 1998); *Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow*, 126 F.3d 43, 51 (2d Cir. 1997); *Lowry Fed. Credit Union v. West*, 882 F.2d 1543, 1547 (10th Cir. 1989).

---

[2] Further reference to the United States Bankruptcy Code, 11 U.S.C. § 101 *et al*, will be by section number only.

This Court recently confirmed the viability of the "ride-through" option for debts secured by real property. *In re Wilson*, 372 B.R. 816, 820 (Bankr. D.S.C. 2007). In *Wilson*, the Court noted the changes made to the Bankruptcy Code by the 2005 Amendments and stated that the changes apply only to debts secured by personal property. *Id.* at 818. The relevant language of § 521(a)(2)(C) provides that "nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362(h)." 11 U.S.C. § 521(a)(2)(C). Section 362(h) employs limiting language that terminates the automatic stay as to *personal property* when the debtor fails to state an intention to surrender, reaffirm, redeem, or does not perform the stated intention within a prescribed period. *Wilson* at 318, *citing*, 11 U.S.C. § 362(h). The plain language of §§ 521(a)(2)(C) and 362(h) "limits their application to a debtor's rights with regard to personal property." *Id.*

It is presumed that Congress enacts legislation "with knowledge of the law, including knowledge of the interpretation that courts have given to an existing statute." *In re Bennet*, No. 06-80241, 2006 W.L. 1540842, at *1 (Bankr. M.D.N.C. May 26, 2006), *citing*, *U.S. v. Langley*, 62 F.3d 602, 605 (4th Cir. 1995). For this reason, the right of debtors to continue current payments on debts secured by real property and retain the collateral established in *Belanger* remains intact. *Id.*, *See also, Wilson* at 819. Congress curtailed the ride-through option for debts secured by personal property but not with regard to debts secured by real property. *See, In re Caraballo*, 386 B.R. 398, 402 (Bankr. D. Ct. 2008). "Limiting a debtor to the three choices of surrender, redeem, or reaffirm for real property would impair the debtor's ability to obtain a fresh start, which is one of

the primary purposes of bankruptcy law." *Wilson* at 819, *citing, Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934).

In this case, the Reaffirmation Agreements are not in Debtors' best interest because Debtors can retain the real property without reaffirming the debt. For this reason, approval of the Reaffirmation Agreements is denied.

**AND IT IS SO ORDERED.**
Columbia, South Carolina
September 24, 2008